**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                              No. 4:04CR00281-05 JLH

MELISSA HORNER                                                                              DEFENDANT

**AMENDMENT TO THE JUDGMENT**

Melissa Horner entered a plea of guilty to one count of misprison of a felony in violation of 18 U.S.C. § 4, and one count of mail fraud, a violation of 18 U.S.C. § 1341.  When she was sentenced the Court entered a judgment for restitution on Count 1 in the total amount of $355,190.50.  The Court did not decide the amount of restitution for Count 2.  Instead, this Court established a schedule by which the victim under the Mandatory Victims Restitution Act and the defendant could submit information and briefs pertaining to the restitution on Count 2.  The briefs and additional information have now been submitted.

The mail fraud that was the subject of Count 2 involved an embezzlement scheme by which Horner embezzled from her employer, Freedom Financial Services of Arkansas, Inc.  Freedom Financial Services of Arkansas, Inc., is defunct.  The sole owner of that entity was Nelson Miller.  Miller was charged in the superseding indictment in this case and has been convicted on all sixteen counts.  He now awaits sentencing.  He has argued that he is the victim of Horner's embezzlement because all of the profits of Freedom Financial Services of Arkansas, Inc., belonged to him.  The Court has accepted Miller's argument.

Horner has repeatedly testified that she did not know how much money she embezzled from Freedom Financial over the years that she was employed there.  Her plea agreement stipulated that

the amount of restitution would not exceed $153,000. At sentencing, Horner and the government argued that restitution should be in the amount of $109,000, which represented the amount shown in an exhibit introduced by Miller at his trial introduced as a part of his defense that he did not conspire with Horner and others as alleged in the superseding indictment. The government and Horner's counsel construed that exhibit to be a stipulation that the amount embezzled was approximately $109,000. Miller has objected that he did not so stipulate. The Court agrees with Miller that he never stipulated that Horner embezzled no more than the amount shown in the exhibit.

Miller has now provided the Court with evidence to show that the amount embezzled was $153,577.49. Horner has introduced no contrary evidence. She says in her argument that she relied on the exhibit in coming to the amount of restitution, but that is not quite accurate. The Court accepted the amount of $109,000 as shown in the exhibit for purposes of calculating her sentencing guideline range and did so with the consent of the government, but Horner was not led to believe that restitution would be no more than $109,000. It was clear at her sentencing hearing that the amount of restitution would be determined after Miller and she had had an opportunity to present further evidence.

Although Miller has provided checks showing the amount of embezzlement to be $153,577.49, the plea agreement stipulated that the amount of restitution would not exceed $153,000. Horner did rely on the plea agreement and was entitled to do so. Therefore, the amount of restitution owed by Horner to Miller will be set at $153,000.

## CONCLUSION

For the reasons stated above, Melissa Horner must pay restitution on Count 2 in the amount of $153,000 to Nelson Miller. The interest requirement for the restitution is waived.

IT IS SO ORDERED this 3d day of April, 2008.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE